FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAVIOLA V.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:22-cv-03074-RHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ECF Nos. 10, 11, 16** |

Before the Court is the Report and Recommendation issued by Magistrate Judge James Goeke on March 29, 2024, ECF No. 16, recommending Plaintiff's Motion for Summary Judgment, ECF No. 10, be granted and Defendant's Motion for Summary Judgment, ECF No. 11, be denied. Defendant filed objections to the Report and Recommendation. ECF No. 17. Plaintiff did not respond. After

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

reviewing the Report and Recommendation, the Court finds the Magistrate Judge's recommendation is correct.  Therefore, the Court adopts the Report and Recommendation in its entirety, albeit with the additional explanation below.

Defendant contests only the recommended remand instructions and does not object to the recommended reversal of the ALJ's decision.  The Report and Recommendation contains the following directive:

> As the claim is remanded to the ALJ to reassess the medical evidence and reperform the sequential analysis, the ALJ is instructed to reassess Plaintiff's symptom claims, including any third-party statements. If discounting any such witness statements, the ALJ will provide germane reasons for doing so.

ECF No. 16 at 10.  Defendant contends the Court should omit any directive "to provide germane reasons – or otherwise articulate a basis – for discounting nonmedical source statements." ECF No. 17 at 6.  Defendant contends this directive contradicts the revised regulations "which do not require ALJs to articulate their consideration of such statements."  ECF No. 17 at 2. Defendant takes the position that the "revised regulations . . . abrogate the Ninth Circuit's germane standard."  ECF No. 17 at 5.

The Report and Recommendation addressed this argument explaining that the law is unsettled but:

> in other cases in this district, however, some courts have found that 20 C.F.R § 404.1520c(d) 'does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and the reasons for discounting these statements.' *Caleb H. v. Saul*, 4:20-CV-5006-EFS, 2020 WL 7680556 at *8 (E.D. Wash. Nov. 18, 2020); *Maureen P. v. Kijakazi*, 1:20-CV-03240-MKD,

ORDER - 2

2022 WL 1843988 at *10 (E.D. Wash. Feb. 23, 2022) (quoting *Joseph M.R. v. Comm'r of Soc. Sec.*, 3:18-CV-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019)).

ECF No. 16 at 10-11.

The Court overrules Defendant's objection and request to omit the directive as to any third-party statements. First, in this case, it is not evident the ALJ even *considered* the lay-witness statement, which Defendant acknowledges the law requires. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) ("In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work."). Instead of properly considering the statement, the ALJ referred to a regulation, 20 C.F.R. 404.1520b(c), that does not apply nor preclude analysis of lay witness testimony. The ALJ's erroneous reliance on this regulation as a basis to ignore lay witness evidence has been repeatedly called out by other courts. *See e.g.*, *Caleb H. v. Saul*, 4:20-CV-5006-EFS, 2020 WL 7680556 at *8 (E.D. Wash. Nov. 18, 2020); *Johnson v. Comm'r of Soc. Sec.*, No. 2:22-cv-1649-DMC, 2024 WL 775187, *7-8 (E.D. Cal. Feb. 26, 2024). Even if the law did not require an ALJ to provide germane reasons at the outset, as it currently does, this Court has authority to find it appropriate to direct the ALJ to provide a written analysis about how certain evidence is considered. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,850 (Jan. 18, 2017).

ORDER - 3

Second, Defendant relies upon two unpublished Ninth Circuit cases that appear to endorse the Defendant's position, however, in yet a more recent unpublished opinion, the Ninth Circuit also recognized that it has "not yet addressed whether an ALJ is required to provide germane reasons for discounting lay witnesses under the new regulations." *Wilson v. O'Malley*, No. 23-35463, 2024 WL 2103268, at *2 (9th Cir. May 10, 2024) (finding it unnecessary to decide the issue because "any error would be harmless"). Many courts, including those cited in the Report and Recommendation in this District, have concluded that the new regulations are *not* irreconcilable with existing caselaw requiring that ALJs both consider and articulate their assessment of lay witness statements. *See discussion in Tracy Q. v. Kijakazi*, No. 6:22-cv-00692-SI, 2024 WL 706963, at *7-8 (D. Or. Feb. 21, 2024). Defendant has cited no authority overruling binding circuit precedent. Finally, as the reversal of the ALJ's decision does not rest on the lay witness statement, it is unnecessary for the Court to engage in a lengthy analysis of the issue.

Accordingly, **IT IS ORDERED**:

1. Defendant's objections to the Report and Recommendation, **ECF No. 17**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 16**, is **ADOPTED** in its entirety, with the additional explanation herein.

ORDER - 4

2. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

3. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

4. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel and Magistrate Judge Goeke, and **CLOSE THE FILE**.

DATED June 14, 2024.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 5